FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 6 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KRISTEN SPECTOR**                                                **PLAINTIFF**

vs.                            No. 4:20-cv-412-KGB

**NILKANTH PIZZA, INC., PRD PIZZA, INC.,**                    **DEFENDANTS**
**JENNY PATEL and DIPESH PATEL**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Kristen Spector ("Plaintiff"), by and through her attorneys Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Nilkanth Pizza, Inc., PRD Pizza, Inc., Jenny Patel and Dipesh Patel (collectively, "Defendants"), she does hereby state and allege as follows:

### I.     JURISDICTION AND VENUE

1.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff the legal minimum wage and overtime premium for all hours that Plaintiff worked.

2.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

This case assigned to District Judge Baker
and to Magistrate Judge Deere

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, operating two or more pizza delivery establishments under the name Papa John's Pizza, in Little Rock.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over the parties as the parties reside in this district and a substantial part of the events giving rise to the claim herein occurred in this district.

## II.   THE PARTIES

7. Plaintiff is a resident and citizen of Pulaski County.

8. Separate Defendant Nilkanth Pizza, Inc. ("Nilkanth"), is a domestic, for-profit corporation.

9. Nilkanth's registered agent for service of process is Dipesh Patel, at 8100 Cantrell Road, Apartment 505, Little Rock, Arkansas 72227.

10. Separate Defendant PRD Pizza, Inc. ("PRD"), is a domestic, for-profit corporation.

11. PRD's registered agent for service of process is Dipesh Patel, at 1909 Wellington Village Drive, Little Rock, Arkansas 72211.

12. Separate Defendant Jenny Patel ("J. Patel") is an individual and resident of Arkansas.

13. Separate Defendant Dipesh Patel ("D. Patel") is an individual and resident of Arkansas.

### III.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. J. Patel is an owner, principal, officer and/or director of both Nilkanth and PRD.

16. J. Patel manages and controls the day-to-day operations of Nilkanth and PRD, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

17. D. Patel is an owner, principal, officer and/or director of both Nilkanth and PRD.

18. D. Patel manages and controls the day-to-day operations of Nilkanth and PRD, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

19. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

20. Upon information and belief, the revenue generated from Defendants' entities is merged and managed in a unified manner.

21. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

22. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

23. During each of the three years preceding the filing of this Complaint, Defendants had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry.

24. During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four (4) employees.

25. Defendants are an "employer" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the FLSA collective.

26. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

27. Defendants own and operate the Papa John's pizza franchises located at 2000 South University Avenue and at 9222 Stagecoach Road.

28.     Plaintiff was employed by Defendant within the three years preceding the filing of this Complaint.

29.     Specifically, Plaintiff worked as an hourly-paid Manager from April of 2019 to approximately August of 2019, was paid a salary from August of 2019 until February of 2020, and was paid hourly again from February of 2020 to April of 2020.

30.     Plaintiff worked at both of Defendant's locations.

31.     Plaintiff was primarily responsible for the day-to-day operations of the store, including cash control, labor control and employee relations.

32.     When Plaintiff was classified as an hourly employee, Defendants paid her $10 per hour.

33.     When Plaintiff was classified as a salaried employee, Defendants paid her $420.00 per week.

34.     However, Defendants often deducted money indiscriminately from Plaintiff's paycheck when Defendant's determined that her performance was not up to par. For example, in one instance, Defendant's deducted money from Plaintiff's paycheck when D. Patel saw Plaintiff dancing in the store.

35.     Defendants also took deductions from the wages of Plaintiff for the cost of uniforms that Defendants required her to wear.

36.     Defendants also deducted money from Plaintiff's paycheck to pay for a car that Defendants bought for Plaintiff. However, Defendants continued to deduct payments even after the car was paid off.

37. These deductions resulted in Defendant's failure to pay Plaintiff a lawful minimum wage.

38. Defendant regularly shaved Plaintiff's hours from her paycheck. In other words, Plaintiff was not paid for all the hours she worked each pay period.

39. Plaintiff regularly worked over forty hours in a week.

40. Because Plaintiff worked hours which went uncompensated, Defendant failed to pay Plaintiff a lawful minimum wage or overtime premium for all hours worked over forty each week.

41. When Defendant did pay Plaintiff for hours worked over forty, Defendant paid Plaintiff her regular hourly rate, and did not pay Plaintiff an overtime premium.

42. Defendants willfully failed to pay minimum wage and an overtime premium to Plaintiff during the time period relevant to this Complaint.

43. Plaintiff has not received her final three paychecks.

### IV. FIRST CAUSE OF ACTION
(Claim for Violation of the FLSA)

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

45. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

46. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

47. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay one and one-half times regular wages for all hours worked over 40 hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

49. During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

50. Defendants failed to pay Plaintiff the applicable minimum wage rate for all hours worked.

51. Defendants did not pay Plaintiff for all hours worked, including hours worked over forty each week.

52. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff to receive minimum wage and overtime pay.

53. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Plaintiff's Original Complaint.

## V.    SECOND CAUSE OF ACTION
### (Claim for Violation of the AMWA)

55.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann.§§ 11-4-201 *et seq*.

57.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58.    AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

59.    During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

60.    Defendants failed to pay Plaintiff the applicable minimum wage rate for all hours worked.

61.    Defendants did not pay Plaintiff for all hours worked, including hours worked over forty each week.

62.    By the acts and conduct described above, Defendants willfully violated the provisions of the AMWA and disregarded the rights of Plaintiff to receive minimum wage and overtime pay

63.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

64. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VI.   THIRD CAUSE OF ACTION
### (Claim under Ark. Code Ann. § 11-4-405)

65. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

66. Plaintiff asserts this claim for damages and declaratory relief pursuant to Ark. Code Ann. § 11-4-405.

67. At all relevant times, Defendant was Plaintiff's employer for purposes of Ark. Code Ann. § 11-4-405.

68. Ark. Code Ann. § 11-4-405 requires employers to pay all wages due to a discharged employee by the next regular payday.

69. Defendant discharged Plaintiff but failed to pay Plaintiff all wages due to her within the requisite time period.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kristen Spector respectfully prays as follows:

A. That Defendants be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

D. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E. A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

F. Judgment for damages for all unpaid minimum wage compensation and overtime compensation owed to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G. Judgment for damages for all unpaid minimum wage compensation and overtime compensation owed to Plaintiff under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

H. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 216, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff during the applicable statutory period;

I. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

J.    For a reasonable attorneys' fee, costs, and interest; and

K.    Such further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF KRISTEN SPECTOR**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_/s/ Steve Rauls_
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

_/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com